UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.:
GRACIELA LACHMAYER and KLEMENS
LACHMAYER,

                    Plaintiffs,                                      **COMPLAINT**

    -against-

PERLBINDER REALTY CORPORATION, and
B. MARK PERLBINDER, individually,                      Plaintiffs Demand
                                                                              a Trial by Jury
                    Defendants.
------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, Phillips & Associates, PLLC, hereby complain of the Defendants, upon information and belief, as follows:

## INTRODUCTION

1. Plaintiffs bring this action charging that the Defendants violated Plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq.*) (hereinafter "FLSA"), and seek to recover unpaid back wages and an additional amount in liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of the New York State Labor Law (hereinafter "NYLL") and the New York Common Law, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

2. Defendants have willfully refused to pay Plaintiffs overtime wages owed to them for working hours in excess of 40 hours per week, at a rate of one and a half times their normal rates of pay.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 29 U.S.C. §216(b); 28 U.S.C. §1331, §1343, and supplemental jurisdiction thereto.

4. This action involves a Question of Federal Law.

5. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

## PARTIES

6. Plaintiffs are residents of the State of New York, County of New York.

7. At all times material, Defendant PERLBINDER REALTY CORPORATION (hereinafter "PRC") was and is a domestic business corporation duly existing under the laws of the State of New York.

8. At all times material, Defendant B. MARK PERLBINDER (hereinafter "PERLBINDER") was and is an owner of Defendant PRC.

9. At all times material, Defendant PERLBINDER was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs.

10. At all times material, Defendant PRC and Defendant PERLBINDER were Plaintiff's joint employers.

11. Defendant PRC and Defendant PERLBINDER are also hereinafter collectively referred to as "Defendants."

12. At all times material, Plaintiffs were employees of Defendants.

13. Plaintiffs were engaged in commerce while working for Defendants.

14. Plaintiffs were regularly engaged by Defendants to work more than 40 hours in a week without being paid the overtime premium pay for all hours worked in excess of 40 in a week, as required by the FLSA and New York State Labor Law Articles 6 and 19.

15. At all times material, Defendants employed two or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

16. At all times material, Defendants grossed more than $500,000 in the past fiscal year.

## MATERIAL FACTS

17. On or about May 1, 2015, Plaintiff Graciela Lachmayer and her husband, Plaintiff Klemens Lachmayer, began working for Defendants as domestic service workers at Defendant PERLBINDER's residences in Sagaponack, NY and New York City, NY.

18. More specifically, Defendants employed Plaintiff Graciela Lachmayer as a "house manager" and Plaintiff Klemens Lachmayer as a chef/cook.

19. Plaintiffs generally worked at Defendant PERLBINDER's Sagaponack residence between Memorial Day and Labor Day each year. Plaintiffs generally worked at one of Defendant PERLBINDER's New York City, NY residences for the remainder of the year.

20. Plaintiffs' job duties at the Sagaponack estate included cooking, cleaning, serving, shopping, running errands and other manual labor and/or domestic service worker responsibilities typical for a busy, guest-filled summer home.

21. At the Sagaponack residence, Plaintiffs each worked Wednesday through Sunday for fifty-five (55) hours per week on average, except during the Memorial Day, Independence Day and Labor Day weekends. On these holiday weekends, Plaintiffs each worked Wednesday through Monday for sixty-seven (67) hours per week on average.

22. At the New York City residence, Plaintiffs each worked a Monday through Thursday schedule for sixteen (16) hours per week on average.

23. Defendants paid each Plaintiff an annual wage of $100,000.00 plus reduced rent in an apartment which Plaintiffs shared. Taking into consideration the reduced rent provided by Defendants, each Plaintiff's annual salary was $120,000 per year.

24. Defendants paid no overtime compensation to either Plaintiff for any workweek in which they worked at the Sagaponack residence, although such workweeks ranged from fifty-five (55) to sixty-seven (67) hours per workweek on average.

25. On or about July 13, 2018, Plaintiffs resigned their employment with Defendants.

26. At all times material, Defendants misclassified Plaintiffs as exempt from coverage of the overtime provisions of the FLSA and NYLL.

27. At all times material, Plaintiffs did not reside at the Defendants' residences on a permanent basis or for extended periods of time, thus making the FLSA exemption for "live in" domestic services workers inapplicable.

28. At all times material, Plaintiffs were employed in the capacity of domestic service workers performing manual labor and not in any bona fide executive, administrative or professional capacity, making these FLSA and NYLL exemptions inapplicable.

29. Defendants were aware that federal and state laws required them to pay Plaintiffs an overtime premium for hours worked in excess of 40 per workweek.

30. Defendants violated the FLSA and NYLL by failing to pay Plaintiffs the premium rate of one and half times the hourly rate for all hours worked over 40 per week.

31. Defendants violated the NYLL and relevant implementing regulations by not paying Plaintiffs an extra hour's wages for any day when the employee's "spread of hours" exceeded 10 hours.

32. Defendants' unlawful actions were a policy and/or plan implemented in Defendants' Sagaponack, NY location.

33. Defendants' actions were willful.

34. Defendant PERLBINDER, as an owner of Defendant PRC, is individually and personally liable to Plaintiffs for violations of the FLSA and NYLL.

### AS A FIRST CAUSE OF ACTION
### UNDER THE FAIR LABOR STANDARDS ACT
### <u>OVERTIME</u>

35. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36. Defendants willfully employed Plaintiffs in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiffs for their employment in excess of 40 hours per week, at a rate of at least one and one-half times the rate at which she was employed.

37. Defendants failed to pay overtime wages to Plaintiffs as required by the FLSA, 29 U.S.C. §201 et seq. and its implementing regulations.

38. Defendants' failure to pay Plaintiffs overtime pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. §207.

39. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

40. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK WAGE AND HOUR LAW
## and VIOLATION OF Title 12 NYCRR Section 142-2.2
## <u>OVERTIME RATE</u>

41. Plaintiffs repeat, reiterate and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

42. Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations, specifically NYCRR Labor Section 138 *et seq*.

43. Defendants failed to pay Plaintiffs a premium for hours worked in excess of 40 hours per week.

44. Defendants violated Plaintiffs' rights to overtime pay under Title 12 NYCRR 142-2.2.

45. Defendants also failed to pay Plaintiffs a premium/additional amount for hours worked in excess of 10 hours per day.

46. Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4).

47. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF NEW YORK WAGE ORDER
## <u>EMPLOYEE RECORDS</u>

48. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. Defendants failed to keep employee-specific records documenting, *inter alia*, actual hours worked in each week, in violation of New York Labor Law § 661 and 12 NYCRR 142-2.6.

50. Defendants failed to furnish statements with pay and hour information to Plaintiffs, in violation of 12 NYCRR 142-2.7.

### AS A FOURTH CAUSE OF ACTION
### UNDER NEW YORK COMMON LAW
### CONVERSION

51. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Defendants, without authority, intentionally exercised control of Plaintiffs' property, interfering with their rights of possession for that property.

53. Defendants received possession of Plaintiffs' property, and thereafter, without authority, intentionally exercised control of that property, interfering with Plaintiffs' rights of possession.

### AS A FIFTH CAUSE OF ACTION
### UNDER NEW YORK COMMON LAW
### QUANTUM MERUIT

54. Plaintiffs repeat, reiterate and reallege each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Defendants were enriched by reason of Plaintiffs' uncompensated overtime labor.

56. The enrichment was at Plaintiffs' expense.

57. The circumstances were such that equity requires Defendants to make restitution to Plaintiffs.

### AS AN SIXTH CAUSE OF ACTION
### UNDER THE NEW YORK COMMON LAW
### UNJUST ENRICHMENT

58. Plaintiffs repeat, reiterate, and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

59. Defendants were enriched by reason of Plaintiffs conferring benefits on them.

60. The enrichment was at Plaintiffs' expense.

61. The circumstances were such that equity and good conscience requires Defendants to make restitution to Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that the Defendants violated the Fair Labor Standards Act;

B. Declaring that the Defendants violated all applicable New York State Wage Orders and New York State Labor Laws;

C. Declaring that Defendants' violations of wage protections were willful;

D. Granting judgment to Plaintiffs for their claims for unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

E. Granting judgment to Plaintiffs for their claims for unpaid wages as secured by New York State Wage Orders and New York State Labor Laws as well as an equal amount in liquidated damages;

F. Awarding damages to the Plaintiffs, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiffs whole for any losses suffered as a result of such unlawful employment practices;

G. Awarding Plaintiffs punitive damages;

H. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action;

I. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiffs request a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       August 16, 2018

 

**Phillips & Associates, PLLC**
*Attorneys for Plaintiff*

By: _____
Steven Siegler, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431